

FILED
CLERK, U.S. DISTRICT COURT
JAN 18 2008
CENTRAL DISTRICT OF CALIFORNIA
DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID MARTINEZ,<br><br>    Petitioner,<br><br>v.<br><br>PEOPLE OF THE STATE OF CALIFORNIA, et al.,<br><br>    Respondents. | NO. CV 07-3708-DDP(CT)<br><br>ORDER ACCEPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY |

Pursuant to 28 U.S.C. § 636, the court has reviewed the entire file de novo, including the magistrate judge's report and recommendation and petitioner's objections. This court concurs with the magistrate judge's report and recommendation.

As the magistrate judge found, petitioner's conviction became final on June 1, 2004. (See Report and Recommendation at 3). Petitioner had one year from that date, or until June 1, 2005, to file a federal petition. His federal petition filed in this case, which was signed on May 27, 2007, is time-barred absent tolling.

Under the Anti-terrorism and Effective Death Penalty Act ("AEDPA"), petitioner is entitled to statutory tolling during the pendency of properly filed state petitions for collateral review. See 28 U.S.C. § 2244(d)(2). As the magistrate judge found,

petitioner's round of state collateral review began when he submitted a habeas petition in the Los Angeles Superior Court. Although petitioner failed to submit a file-stamped copy of his superior court petition or provide information concerning the date his petition to the superior court was submitted, the prison mail log submitted by respondent shows that petitioner mailed a document from prison to the superior court on May 23, 2005.[2] (See Respondent's Notice of Filing Declaration of Susan Rosenbach and Copy of Prison Mail Log). Accordingly, the court finds that petitioner's state petition was constructively filed on May 23, 2005. See Houston v. Lack, 487 U.S. 266, 276 (1988). On May 23, 2005, the statute of limitations had been running for approximately 356 days leaving only 9 days remaining before the federal statute of limitations would run.

The statute of limitations was tolled until June 14, 2006 when the California Supreme Court denied petitioner's final state habeas petition, concluding petitioner's round of collateral review. Although at that point petitioner had only nine (9) days remaining

---

[2] In her report and recommendation, the magistrate judge acknowledged that it was unclear when petitioner filed his state petition because petitioner had not submitted a copy, but found that even if petitioner filed that petition many months before the superior court's denial, the petition would still be untimely. After petitioner filed objections, however, the magistrate judge ordered respondent to submit a copy of petitioner's superior court petition so that the court could determine the date it was signed and filed. Respondent was unable to do so because it was missing from the superior court file. The magistrate judge ordered respondent to submit a copy of petitioner's prison mail log, which respondent did. The log shows that petitioner mailed a document to the superior court on May 23, 2005, a month before the superior court denied his petition.

before the federal statute of limitations would run, petitioner did not constructively file his federal petition until almost a year (347 days) later on May 27, 2007. Accordingly, the petition is untimely.

In his objections, petitioner requests equitable tolling, contending that he was prevented from filing a timely petition because he did not receive his transcripts and other materials for 100 days after he returned from a court appearance on March 23, 2004. (See Objections at 2, 4 and 6). However, petitioner's conviction did not become final and the AEDPA statute did not begin to run until June 1, 2004. Thus, even if petitioner receives tolling for 100 days after March 23, 2004, his federal petition, which was filed almost a year late, would still be untimely.

Petitioner also contends that he was denied access to his legal materials for nine months, apparently after a prison transfer in May of 2005. (See Objections at 5; Motion for Counsel at 2). However, petitioner waited 347 days (approximately 11 months) after the California Supreme Court denied his final state habeas petition before submitting his petition to this court.

Petitioner also submits documents showing prison library closures for a few days, but those minimal closures fail to account for petitioner's delay in filing his federal petition.

In sum, petitioner has failed to demonstrate either that he has been pursuing his rights diligently or that some extraordinary

//
//
//

circumstance stood in the way of his timely filing a federal petition. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).

Accordingly, IT IS ORDERED:

1. The report and recommendation is accepted.

2. Petitioner's request for an evidentiary hearing is denied because he has failed to allege facts which, if true, would entitle him to relief. See Roy v. Lampert, 465 F.3d 964, 969 (9th Cir. 2006).

3. Judgment shall be entered consistent with this order.

4. The clerk shall serve this order and the judgment on all counsel or parties of record.

DATED: 1-18-08

_____
DEAN D. PREGERSON
UNITED STATES DISTRICT JUDGE